UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRFIELD SOMERFIELD LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LEVI LOVE, and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 2:16-cv-02973-TLN-DB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Levi Love's ("Defendant") Notice of Removal. (ECF No. 1.) Defendant also filed a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 17, 2016, Plaintiff Fairfield Somerfield ("Plaintiff") filed an unlawful detainer action in the Sacramento County Superior Court of California. (Not. of Removal, ECF No. 1.) The complaint alleged that on October 11, 2016, Defendant was given a 3-day notice to pay rent or quit the premises. (ECF No. 1 at 10.) Defendant did not comply with the order and the total damages sought were $1, 236.72 as of October 11, 2016. (ECF No. 1-1 at 3.) On December 21, 2016, Defendant filed a Notice of Removal in the United States District Court, Eastern District of

1

California.  (ECF No. 1.)  In the Notice of Removal, Defendant alleges the Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.  (ECF No. 1 at 2.)  Defendant checked federal question as the means for jurisdiction on his Civil Cover Sheet (ECF No. 1-1), but does not identify what federal law arises on the face of the complaint in his notice of removal.  (*See* ECF No. 1.)

## II.  STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.  ANALYSIS

Defendant states in the notice of removal that jurisdiction is proper under 28 U.S.C. § 1332.  (ECF No. 1 at 2.)  Defendant claims that complete diversity exists and that the amount in controversy is not identified on the face of the complaint, but that a fair reading of the complaint demonstrates that the amount exceeds $75,000.  (ECF No. 1 at 3.)  Furthermore, Defendant

1  invoked federal question as the means upon which original jurisdiction exists.  (ECF No. 1-1.)
2  After reviewing the Notice of Removal, the Court concludes that Defendant does not present a
3  viable argument to support federal jurisdiction on either basis.
4       Subject matter jurisdiction exists where a federal question arises on the face of the
5  complaint or if there is diversity jurisdiction.  Here, there is no federal cause of action that would
6  supply this court with original jurisdiction.  *See Caterpillar*, 482 U.S. at 386 ("federal [question]
7  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
8  pleaded complaint").  Plaintiff does not bring any claims within the complaint that involve a
9  federal question.  Defendant checked the federal question box on his civil cover sheet, but makes
10 no argument in his notice of removal under what law federal question jurisdiction exists.
11 Defendant alleges in a cross complaint violations of the Fair Debt Collections Practices Act.
12 (ECF No. 1 at 2.)  However, Defendant's assertion is more akin to a defense and a defense that
13 rests on federal question cannot form the basis for federal question jurisdiction.  *See Id.* at 393 ("it
14 is now settled law that a case may *not* be removed to federal court on the basis of a federal
15 defense").  Therefore, Defendant is not entitled to removal on the grounds of federal question
16 jurisdiction.
17      Furthermore, Defendants cannot satisfy the requirements for diversity jurisdiction under
18 section 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all
19 civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of
20 interest and costs, and is between—(1) citizens of different States."  Defendants do not assert that
21 the parties are citizens of different states.
22      Moreover, the burden of proving the amount in controversy depends on what the plaintiff
23 has pleaded.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).
24 When the complaint alleges damages less than the jurisdictional requirement, the party seeking
25 removal must prove the amount in controversy with legal certainty.  *Id.*; *Rynearson v. Motricity,*
26 *Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  Defendant contends that "Plaintiff does not
27 quantify the amount of damages they seek to recover in this case."  (ECF No. 1 at 2.)  However,
28 this is simply not true.  Plaintiff's complaint alleges damages calculated at $40.56 per day.  At the

1  time of filing on October 17, 2016, this resulted in damages amounting to $1,236.72.  (ECF No.
2  1-1 at 3.)  Defendant does not prove with legal certainty that the damages as of the time of
3  removal would exceed $75,000.  Instead, Defendant states in the notice of removal without proof
4  that "the amount in controversy more likely than not exceeds $75,000 based on Plaintiff's claims,
5  their alleged injuries and the recovery sought."  (ECF No. 1 at 2.)  In sum, Defendant fails to meet
6  the burden of showing that the amount in controversy is met.

7  Defendant has failed to establish his burden of showing that jurisdiction before this Court
8  is proper based on diversity jurisdiction or federal question jurisdiction.  Therefore, it is
9  appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors
10 Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a
11 duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the
12 parties raised the issue or not.").

### IV. CONCLUSION

14 For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court
15 of California, County of Sacramento.  Additionally, the Court has reviewed Defendant's motion
16 for in forma pauperis status (ECF No. 2).  Defendant's motion is blank except for a signature and
17 check marks on boxes describing excess income, and thus Defendant has not provided any
18 information that would permit this Court to make a finding on Defendant's ability to pay.  As
19 such, Defendant's motion for in forma pauperis status is DENIED.

20 IT IS SO ORDERED.

22 Dated: December 28, 2016

Troy L. Nunley
United States District Judge